# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN LEE RICHARDSON, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> UNIVERSITY OF TEXAS SYSTEM, ET § <br> AL., § <br> § <br> *Defendants.* § | Civil Action No. 5-19-CV-271-XR |

## ORDER

On this day, the Court considered the partial motion to dismiss (docket no. 39) brought by Defendant Sean Callahan. After carefully considering the motion and supporting and opposing memoranda, the court grants the partial motion to dismiss.

## BACKGROUND

On February 14, 2017, the San Antonio Police Department ("SAPD") and University of Texas at San Antonio ("UTSA") dispatched several police officers, including Defendant Sean Callahan ("Callahan"), who worked at UTSA-PD, to Highview Place Apartments to respond to a shooting. Callahan knocked on Plaintiff Jonathan Lee Richardson's apartment door after receiving a bystander tip that the apartment was a "trap house." Docket no. 1-6 at 5. Plaintiff opened the door and alleges his pants started to fall as he was coming outside. *Id.* As Plaintiff moved to pull up his pants, Plaintiff alleges that Callahan pushed Plaintiff against a wall and then took Plaintiff to the ground. *Id.* Plaintiff alleges Callahan threw him onto a bed of rocks and shoved his knee into Plaintiff's back. *Id.* Callahan allegedly then placed Plaintiff in handcuffs and threw him down on a curb. *Id.*

On February 14, 2019, Plaintiff filed his original petition in the 45th District Court in Bexar County, Texas, bringing multiple state and federal claims against multiple defendants, including Callahan individually and in his official capacity as a UTSA police officer, and UTSA. Docket no. 21. Defendants then removed to this court on March 18, 2019. Docket no. 1. On May 31, 2019, this Court dismissed any § 1983 claims against UTSA and Callahan in his official capacity. Docket no. 21 at 5. The Court also dismissed without prejudice all state-law claims against UTSA pursuant to 28 U.S.C. § 1367(c). *Id.* at 12. The Court further denied Plaintiff's request for leave to amend as to UTSA. *Id.* at 14. Plaintiff's federal and state-law claims against Callahan individually remain. *Id.*

Plaintiff filed his first amended complaint on June 21, 2019. Docket no. 25. Plaintiff again brings multiple federal claims under 42 U.S.C. § 1983 and multiple state-law claims against Callahan individually and in his official capacity. *Id.* Plaintiff further alleges Callahan acted *ultra vires* during his encounter with Plaintiff, is a person under § 1983, and deprived Plaintiff of rights, privileges, and immunities afforded to him by the Constitution and laws of the United States and the State of Texas while "[a]cting under the color [of state] law." *Id.* at 11, 14, 15, 17, 23.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Callahan moves to dismiss Plaintiff's § 1983 claims against him in his official capacity based on Eleventh Amendment immunity, and to dismiss Plaintiff's state-law claim for intentional infliction of emotional distress based on Section 101.106 of the Texas Civil Practice and Remedies Code. Docket no. 39. In opposition, Plaintiff argues the § 1983 claims "preempt any conceivable provision of section [1]01.106 of the Texas Civil Practice and Remedies Code." Docket no. 40 at 10.

## DISCUSSION

**I.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations; however, the plaintiff's obligation in providing the grounds for relief requires more than mere labels, conclusions, or formulaic recitals of the elements for a cause of action. *Twombly*, 550 U.S. 544, 555 (2007). The court accepts all well-pleaded facts as true but not conclusory allegations, legal conclusions, or unwarranted deductions of fact. *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1067 (5th Cir. 1994); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions").

**II.    Section 1983 claims against Callahan in his official capacity**

Callahan argues Plaintiff's § 1983 claims against him in his official capacity are barred by the Eleventh Amendment. Docket no. 39 at 3. For the reasons stated[1] below, the court agrees and grants the partial motion to dismiss these claims.

An official capacity suit brought under § 1983 against a state official is treated as if the

---

[1] The Court notes Plaintiff's §1983 claims against Callahan were previously dismissed to the extent they are against Callahan in his official capacity. Docket no. 21 at 5.

suit is against the state entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In the instant case, Plaintiff's § 1983 claims for damages against Callahan in his official capacity are treated as suits against UTSA, which is not a "person" amenable to suits under § 1983. *See Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (holding a state university is an arm of the state and not a "person" under § 1983). Further, such an action for damages brought against UTSA in federal court is barred by the Eleventh Amendment. U.S. CONST. amend. XI; *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (holding § 1983 does not abrogate a State's Eleventh Amendment immunity). An award for damages on an official-capacity claim would not be paid individually by Callahan, but by UTSA, and is thus barred by the Eleventh Amendment. *See Kentucky*, 473 U.S. at 166 (clarifying recovery of damages in an official capacity suit must be from the government entity and not an official's personal assets).

Plaintiff alleges that Callahan acted *ultra* vires and is thus stripped of any immunity defense. Docket no. 25 ¶ 39, 42; docket no. 40 at 4. While Eleventh Amendment immunity is broad to necessarily preserve the principles of federalism, it does not categorically bar a private citizen's suits against a state officer in their official capacity. *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created an "exception" to Eleventh Amendment sovereign immunity on the theory that an *ultra vires* act "is simply an illegal act upon the part of a state official in attempting, by the use of the name of the state, to enforce a legislative enactment which is void because unconstitutional." *Id.* "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into

whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* (quoting *Verizon Md. Inc. v. Pub. Svc. Comm'n*, 535 U.S. 635, 645 (2002)); *see also Saltz v. Tennessee Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

Plaintiff does not satisfy the *Ex parte Young* exception to Eleventh Amendment immunity in the current case because he is seeking damages for past constitutional violations, not prospective declaratory or injunctive relief. Docket no. 25 at 27–28; *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (plaintiff must be seeking prospective declaratory or injunctive relief, not damages, to meet the *Ex parte Young* exception). The Court need not consider the rest of Plaintiff's *ultra vires* argument concerning his against Callahan in his official capacity as it fails on the basis of the remedy sought. Accordingly, all claims brought against Callahan in his official capacity, which are in effect claims against UTSA, are DISMISSED.

### III. State-law intentional infliction of emotional distress claim against Callahan

Callahan argues Plaintiff's state-law tort claim for intentional infliction of emotional distress is barred by § 101.106 of the Texas Civil Practice and Remedies Code. Docket no. 39 at 2. For the reasons stated below, the Court agrees and grants the partial motion to dismiss the state-law claim for intentional infliction of emotional distress.

"The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253, S.W.3d 653, 655 (Tex. 2008). Immunity is not waived for intentional tort claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.057 (stating claims "arising out of assault,

battery, false imprisonment, or any other intentional tort" are not waived). Defendants are entitled to dismissal under § 101.106(f) if the plaintiff's suit against the government employee (1) is based on conduct within the general scope of that employee's employment with a governmental unit; and (2) could have been brought against the governmental unit under the Texas Tort Claims Act. *Morrison v. Walker*, 704 F. App'x 369 (5th Cir. 2017) (citing *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017)). The Texas Supreme Court has clearly held § 101.106(f) forecloses suit against an employee, even in his individual capacity, "if he was acting within the scope of employment" and that suit "could have been brought" under the Act against the government regardless of whether the Act waives immunity from suit. *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). "Under the *Franka* rule, all tort claims, including intentional torts, 'could have been brought' against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims." *Bailey v. Willis*, No. 4:17-CV-00276, 2018 WL 3321461, at *13 (E.D. Tex. Jan. 11, 2018) (quoting *Bordges v. City of Flower Mound, Tex.*, 4:11-cv-310, 2011 WL 5600339, at *6 (E.D. Tex. Oct. 14, 2011) (Mazzant, J.) (citing *Franka*, 332 S.W.3d at 385). The statute strongly favors dismissing the suit against the governmental employee. *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied).

**A. Conduct within the general scope of employment with a governmental unit**

It is undisputed Callahan was a police officer employed by UTSA. Therefore, under the first prong of § 101.106(f), the Court must determine whether there is "a connection between the employee's job duties and the alleged tortious conduct." *Laverie*, 517 S.W.3d at 753. Scope of employment is defined by the Texas Tort Claims Act as "the performance for a

governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). This standard has been interpreted broadly to include acts "of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment." *Laverie*, 517 S.W.3d at 753. An employee's conduct is still within the scope of employment even when acting in part to serve the employee's interests or that of a third party. *Anderson v. Bessman*, 365 S.W.3d 119, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The focus of the scope-of-employment inquiry is whether the employee was "discharging the duties generally assigned," not whether the employee had authority to commit the allegedly tortious conduct. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994).

Plaintiff's claim of intentional infliction of emotional distress arises directly out of the actions Callahan took while pursuing a bystander tip at the scene of a reported shooting. Docket no. 25 at 5–6, 22–23. Callahan, while investigating a bystander tip, was acting within his scope of employment as a law enforcement officer during his interactions with Plaintiff even if Callahan's actions were conducted in an improper manner or with an improper motive. *See Tipps v. McCraw*, 945 F. Supp. 2d 761, 767 (W.D. Tex. 2013) (holding two law enforcement officers acted within the scope of their duties when investigating a crime, even if their actions were conducted improperly); *see also Chambers*, 883 S.W.2d at 658 (Tex. 1994) (holding on-duty police officers did not act outside the scope of authority even when driving in a high speed chase without regard to others safety).

Plaintiff's *ultra vires* argument also fails. "Under Texas law, a suit against a

government employee in his official capacity is a suit against his government employer with one exception: an action alleging that the employee acted *ultra vires*." *Franka*, 332 S.W.3d at 383. *An ultra vires* action is one in which the plaintiff seeks "relief in an official-capacity suit against a government actor who allegedly has violated statutory or constitutional provisions by acting without legal authority or by failing to perform a purely ministerial act." *Tipps*, 945 F. Supp. 2d at 767. Generally, however, only prospective declaratory and injunctive relief is available to a plaintiff seeking to succeed on an *ultra vires* claim. *Id.* at 767-68; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009). In the present case the *ultra vires* exception is again inapplicable as Plaintiff seeks damages, not prospective injunctive or declaratory relief, for the claim of intentional infliction of emotional distress.

**B. Whether the claim could have been brought against the governmental unit**

Under the second prong of § 101.106(f), the court considers whether the claim "could have been brought against the government unit under the Tort Claims Act." *Franka*, 332 S.W.3d at 369. This analysis considers whether the claim sounds in tort and arises under the Act, not whether it can succeed on the merits or whether the governmental unit's immunity has been waived. *Wilkerson*, 878 F.3d at 162; *see also Franka*, 332 S.W.3d at 381 (holding a cause of action "could have been brought" under the Texas Tort Claims Act if the "claim is in tort").

In this case, the Texas Tort Claims Act does not waive liability for the intentional tort of intentional infliction of emotional distress. However, the tort claim still arises under the Act according to § 101.106(f) because it is a general tort claim, and thus the action "could have been brought" against UTSA despite its retention of immunity. *See Tipps*, 945 F. Supp. 2d at

8

768. Consequently, Plaintiff's claim for intentional infliction of emotional distress could have been brought against UTSA under the Texas Tort Claims Act. Plaintiff's claim for intentional infliction of emotional distress against Callahan is therefore dismissed under § 101.106(f).

IV. **Preemption does not apply in the present case**

Plaintiff argues that § 1983 preempts the applicability of § 101.106 of the Texas Tort Claims Act regarding his claim for intentional infliction of emotional distress. Docket no. 40 at 11. This argument has no basis.

Section 1983 affords a cause of action for individuals harmed by a state employee's violation of federal law. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). For a § 1983 suit brought against a government employee in his individual capacity, "it is enough to show that the official, acting *under color of state law*, caused the deprivation of a *federal right*." *Kentucky*, 473 U.S. at 166 (emphasis added). Section 1983 provides a mechanism for individuals to sue state actors for violations of federal laws; it is not concerned with violations of state law, nor does it preempt state-law claims. Rather, state-law claims may be brought in conjunction with § 1983 claims under the Court's supplemental jurisdiction. Plaintiff's claim for intentional infliction of emotional distress is a state tort-law claim properly subject to the Texas Tort Claims Act. To the extent Plaintiff seeks to recover damages for mental anguish for alleged violations of a right protected under the U.S. Constitution or a federal law, this Court may consider those elements of damages as part of the § 1983 claim. But § 1983 is not a vehicle to sue state employees for violations of state laws such as state tort laws, nor does it preempt state statutes governing such claims. Thus, the existence of Plaintiff's § 1983 claims does not preempt application of the statutory immunity provisions of the TTCA to Plaintiff's

state-law tort claims.

## CONCLUSION

Defendant Sean Callahan's partial motion to dismiss (docket no. 39) is GRANTED. Plaintiff's § 1983 claims against Callahan in his official capacity are DISMISSED, though the individual-capacity claims remain. Plaintiff's state-law claim of intentional infliction of emotional distress against Callahan is DISMISSED.

SIGNED this 18th day of October, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE