# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN LEE RICHARDSON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 5:19-CV-271-XR |
| UNIVERSITY OF TEXAS SYSTEMS, ET AL., | § § § § | |
| *Defendants.* | § § | |

## ORDER

Plaintiff Jonathan Lee Richardson filed a motion for certification of interlocutory appeal (docket no. 43) regarding the Court's order granting Defendant City of San Antonio, Texas's motion to dismiss for failure to state a claim (docket no. 26) and the Court's order granting Defendant Gerald Lewis's motion to dismiss for failure to state a claim (docket no. 27). For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed suit on February 14, 2019, against multiple defendants including Defendants Gerald Lewis ("Lewis"), individually and in his official capacity as University of Texas at San Antonio Chief of Police, and the City of San Antonio, Texas ("City"), bringing multiple federal and state law claims including unlawful arrest and false imprisonment, intentional infliction of emotional distress, and negligent hiring, supervision, training, and retention. Docket no. 1-6. On May 31, 2019, the Court dismissed with leave to amend the Plaintiff's claims against Defendants Lewis and the City. Docket no. 21. Plaintiff filed an amended complaint on June 21, 2019. Docket no. 25. Defendants City and Lewis filed motions

to dismiss for failure to state a claim on June 28 and July 1, 2019, respectively. Docket nos. 26, 27. The Court held a status conference and hearing on all pending motions, including the motions to dismiss, on August 1, 2019. As stated in open court that same day the Court granted Defendants City and Lewis's motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Text Order of August 1, 2019, granting docket nos. 26 and 27.

On September 30, 2019, Plaintiff filed a motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docket no. 43. The question Plaintiff wants to certify for appeal—although the Plaintiff does not make it clear—is whether the Defendants are entitled to qualified immunity. *See id.* at 2 (indicating qualified immunity is controlling question of law and its applicability would materially advance resolution of litigation).

## LEGAL STANDARD

Interlocutory review is appropriate only under "exceptional" circumstances. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *see Clark–Dietz & Assos.–Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (describing interlocutory appeals as "exceptional"). The decision to permit interlocutory review rests within the district court's sound discretion and is unappealable. *In re Air Crash Disaster*, 821 F.2d 1147, 1167 (5th Cir. 1987).

Section 1292(b) is not simply a vehicle to redetermine the correctness of a district court's judgment. *Ryan v. Flowserve Corp. et al.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006). To merit interlocutory appeal, the moving party must point to, "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). All three factors must be met to properly certify an issue for appeal. *Clark–Dietz*, 702 F.2d at 69. The district court necessarily relies on the movant's persuasive argument to describe the precise

2

nature by which all three factors are met. *Id.* at 68.

## DISCUSSION

The Court need only consider the second factor required for certification of interlocutory appeal to deny Plaintiff's motion. *See Trevino v. RDL Energy Servs., LP*, No. 4:14-CV-01936, 2017 WL 10153536, at *1 (S.D. Tex. Dec. 19, 2017) ("Every ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced.") (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). Courts have found a substantial ground for difference of opinion occurs when, "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point[.]" *Ryan*, 444 F. Supp. 2d at 723–24 (quoting 4 AM. JUR. 2D *Appellate Review* § 128 (2005)). The Court's order does not present a substantial ground for a difference of opinion and the Plaintiff has failed to present any argument to the contrary.

Plaintiff contends a substantial ground for difference of opinion exists because, "Defendants maintain that claims against Defendants . . . are bar[r]ed by [q]ualif[ied] immunity while [Plaintiff] has a differen[ce] of opinion[.]" Docket no. 43. Plaintiff incorrectly interprets the requirements for satisfying the "substantial ground for a difference of opinion" factor. The difference of opinion must stem between the district court's order and the precedent of the Courts of Appeals, not a difference of opinion between the parties in dispute. *See, e.g., Luckenbach Overseas Corp. v. Usner*, 413 F.3d 984 (5th Cir. 1969) (holding the substantial ground for difference of opinion factor appropriately satisfied because of uncertainty and confusion in the applicable area of law due to a recent Supreme Court ruling). Further, Plaintiff does not cite a single authority indicating the Court has ruled contrary to Fifth Circuit or other

Courts of Appeals precedent regarding applicability of qualified immunity. Docket no. 43. Even if counsel disagreed on applicable precedent or contended the district court ruled incorrectly, the contested issue would still not qualify as a substantial disagreement. *Ryan*, 444 F. Supp. 2d at 724. The law governing qualified immunity is well-established in the Fifth Circuit. Reconsidering the issue in the present instance would involve applying settled law to disputed facts, which the Court declines to do on § 1292(b) grounds. *See Clark–Dietz*, 702 F.2d at 69 (holding "fact-review" issues inappropriate for §1292 review); *Ryan*, 444 F. Supp. 2d at 722 (explaining § 1292 review should not require the Court of Appeals to comb the record for disputed facts to resolve the issue).

## CONCLUSION

For the aforementioned reasons, this Court DENIES Plaintiff's motion for certification of interlocutory appeal (docket no. 43) regarding the Court's order granting Defendants Gerald Lewis and City of San Antonio, Texas's motions to dismiss for failure to state a claim.

It is so ORDERED.

SIGNED this 31st day of October, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE